■ PETER F. COHALAN, as County Executive of the County of Suffolk, et al., Appellants, v JOHNSON ELECTRICAL CONSTRUCTION CORP., et al., Defendants. (Action No. 1.) BABYLON ASSOCIATES, a Joint Venture, Respondent, v COUNTY OF SUFFOLK, Appellant and AMERICAN REINSURANCE COMPANY et al., Respondents. (Action No. 2) — In two actions arising out of the construction of the Bergen Point Water Pollution Control Plant, a facility of the Suffolk County Southwest Sewer District No. 3, the plaintiffs in action No. 1 and the defendant in action No. 2 appeal from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 26, 1983, as, upon the motion of Johnson Electrical Construction Corp., in which they had joined, for consolidation of the two actions, granted the same only to the extent of ordering a joint trial and failed to direct that the actions be consolidated.

Order affirmed, insofar as appealed from, with one bill of costs.

We see no significant or practical distinctions between the courtroom procedures that will occur if the actions are consolidated rather than jointly tried. Each party will in turn make its presentation and each will take part in defending itself against adverse claims. The cases will likely be presented to the jury in special verdict form consisting of multiple questions designed to resolve the multiple issues, and, if inconsistency is the fear, we see no greater prospect of inconsistency if joint trial is the designation rather than consolidation. In any event, inconsistency will be dealt with by the court when the verdict is received. Each litigant will be the subject of a determinative judgment and we see no significant distinction in whether the judgment is one paper or more than one paper. We can hardly conclude, therefore, that Special Term abused its discretion when it directed a joint trial. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.